# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07cv64

| | |
|---|---|
| JOHN A. McALLISTER, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> C. ERIC HUNTER, his wife, ) <br> JOCELYN HUNTER; and ) <br> PHOENIX COLVARD MOUNTAIN, ) <br> LLC, ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the court on Daniel O. Klinedinst's Motion to Withdraw as Counsel of Record (#27). Such motion appears to have been filed immediately after this court entered its Order (#26) setting plaintiff's Motion for Sanctions (#24) for hearing. While this court understands and is not unsympathetic to the situation of counsel, the court finds that granting such motion at this time would cause further delay in conducting a hearing which involves matters central to the judicial process. The court will, therefore, calendar such motion for resolution during the July 11, 2008, hearing.

Based on the alleged pattern or practice of these defendants in failing to appear for noticed proceedings, the court will now specifically warn defendants of the consequences of failure to appear at the July 11, 2008, hearing. In addition to the sanctions discussed for failure to appear at a deposition under Rule 37, Federal Rules of Civil Procedure, which could include entry of an adverse judgment, costs, and fees,

-1-

defendants are specifically advised that the failure to appear at the hearing as previously Ordered by this court would be separate violation constituting a contempt of court, which would put their personal liberty at stake. A United States Magistrate Judge may certify facts for contempt proceedings before a district judge and order the alleged contemnor to show cause before that judge why contempt should not be adjudged in light of the certified facts. 28 U.S.C. § 636(e). Civil and criminal contempt actions are distinguished on the basis of the nature of the relief requested: (1) if the relief is remedial, coercive or compensatory, the contempt is civil; (2) if the relief is punitive (which would be a sentence of imprisonment for definite period), then the contempt is criminal. Hicks v. Feiock, 485 U.S. 624, 631-36 (1988); International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 829 (1994). Unlike the standard for criminal contempt which is 'beyond a reasonable doubt," civil contempt need only be shown by "clear and convincing evidence." The Court of Appeals for the Fourth Circuit has held, as follows:

> A court may impose sanctions for civil contempt "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir.1995) (internal quotation marks and citation omitted). Imposition of civil contempt sanctions requires fewer procedural protections than those necessary for the imposition of criminal contempt sanctions. *See Bagwell*, 512 U.S. 821, 830-31, 114 S.Ct. 2552. For example, unlike a finding of criminal contempt, which must rest on proof of guilt beyond a reasonable doubt, a finding of civil contempt can be established by "clear and convincing evidence." *See Ashcraft v. Conoco*, Inc., 218 F.3d 288, 301 (4th Cir.2000); 11A Wright, Miller & Kane, *Federal Practice and Procedure* § 2960, at 380 (2d ed.1995). Similarly, because they are civil, not criminal, proceedings, the right to counsel is not guaranteed in civil contempt proceedings.

Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 821 (4th Cir. 2004).

Defendants are advised that it is their obligation to appear at the hearing.

Having provided this specific warning in advance of the hearing, all parties are advised that if any party fails to appear the court will hear at that time and without further notice any motion for contempt.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Daniel O. Klinedinst's Motion to Withdraw as Counsel of Record (#27) is placed on the calendar to be heard as an additional matter during the previously scheduled hearing on July 11, 2008.

Counsel for defendants is instructed to send a copy of this Order as well as the court's previous Order (#26) to his clients *via* certified mail, return receipt requested, and file a certificate of service with this court prior to the hearing. Counsel for defendants is further advised to immediately contract the court in the event such service of these Orders is in any way frustrated so that the United States Marshal may be employed to effectuate such service.

```
Signed: June 26, 2008
```

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge