# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07cv64

| | |
|---|---|
| JOHN A. McALLISTER, JR., | )
| | )
| Plaintiff, | )
| | )
| Vs. | )   ORDER
| | )
| C. ERIC HUNTER, his wife, | )
| JOCELYN HUNTER; and | )
| PHOENIX COLVARD MOUNTAIN, LLC, | )
| | )
| Defendants. | )

**THIS MATTER** is before the court on plaintiff's Motion for Sanctions (#24) and on Daniel O. Klinedinst's Motion to Withdraw as Counsel of Record (#27). The court has conducted an expedited review of such motion as well as a hearing. At such hearing, Max O. Cogburn, Jr., made a general appearance on behalf of defendants and Mr. Klinedinst was allowed to withdraw as counsel for defendants at the conclusion of the hearing.

To summarize the hearing, plaintiff contends that this court should strike defendants' Answer and recommend a default judgment be entered as a sanction for defendants' twice-repeated failure to attend their own depositions and for disobedience of the court's Order, which enlarged the time for discovery so that defendants could be deposed. Defendants contend that striking the Answer and entry of default judgment in favor of the plaintiff is too severe of a sanction inasmuch as: (1) defendants have otherwise participated in discovery in good faith; (2) defendants'

fears, whether real or imagined, that prevented their attendance at the deposition were real to them, and that while not excusing their conduct, explain their disobedience to the court's Order. Further, counsel for defendants argued that they offered to make the defendants and their present counsel available for the depositions in the two weeks immediately preceding the hearing. Defendants admit that their conduct is sanctionable and are ready, willing, and able to pay whatever sanction the court may impose.

Plaintiff argues that a monetary sanction will not suffice inasmuch as this case is about the non-payment of money, and any monetary sanction will have little meaning to these defendants inasmuch as they are flush with proceeds in the millions from the sale of the property that underlies this action.

The district court judge's Order of Reference refers motions for sanctions under Rule 37(b). Plaintiff's motion is for sanctions under Rule 37(d), which provides for sanctions for a party failing to attend their own deposition. The remedy provided incorporates those available under Rule 37(b)(with the exceptions of civil contempt). Because Rule 37(d) is subsumed by Rule 37(b), the court finds such to be within the Order of Referral. Indeed, Honorable Richard L. Voorhees, United States District Judge, specifically delegated and directed resolution of the instant motion by the undersigned. See Order of Reference, 3:04mc67 (May 18, 2004). Although it is clear that defendants have violated a court Order (#18), the undersigned will not reach the issue of civil contempt inasmuch as a remedy is available under the court's inherent authority to enforce its Orders.

In considering dismissal or entry of judgment by default as a Rule 37 sanction, the Court of Appeals for the Fourth Circuit has applied the same standards that are applicable to a Rule 41(b) involuntary dismissal. The appellate court has repeatedly noted that such involuntary dismissal with prejudice is a "harsh" result and must be employed with caution.

> We have noted that involuntary dismissal under Rule 41(b) "is such a harsh sanction ... [that] it should be resorted to only in extreme cases." McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir.1976) (quotation marks omitted). We thus require a district court to consider four factors when deciding whether to involuntarily dismiss an action for attorney misconduct. Id. First, the court must consider the "degree of personal responsibility on the part of the plaintiff." Id. Second, it must determine the "amount of prejudice to the defendant." Id. Third, it must look to the record to see if it indicates "a drawn out history of deliberately proceeding in a dilatory fashion." Id. Finally, the court must consider whether "sanctions less drastic than dismissal" will be effective. Id.

Richardson v. Boddie-Noell Enterprises, Inc., 2003 WL 22429534, at 4 (4th Cir. 2003).[1] The appellate court has instructed that the "test for dismissal pursuant to Rule 41(b) is similar to that for Rule 37," and that "before a dismissal a court must give a plaintiff a "clear and explicit" warning of the consequences of failing to satisfy the court's conditions and orders," and that "dismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith." Berry v. South Carolina Dept. of Social Services, 1997 WL 499950, at 6 (4th Cir. 1997). The court has carefully considered plaintiff's Motion for Sanctions and can find absolutely no fault with the argument or the underlying logic. Under the four factor test, the court has also considered - - and weighed heavily - -

---

[1] Due to the limits of CM/ECF, copies of unpublished opinions are incorporated herein by reference to the Westlaw citation.

defendants' previous participation in discovery in this matter, which is at odds with their failure to participate in their own depositions. The failure of the defendants to attend their own depositions stands in stark contrast to what appears to be full compliance with other discovery and disclosure requirements. Had defendants earlier failed to participate in discovery, the court would not hesitate to employ the ultimate sanction of striking their Answer and recommending the entry of judgment against them. Their participation in other discovery warrants consideration of a sanction less severe than entry of default judgment.

First, the court believes that awarding plaintiff its costs and fees for the missed depositions would be both fair and act as a deterrent to defendants as well as others. While plaintiff has shown the expenditure of some $25,207.99 in fees and costs attributable to the aborted depositions and prosecution of motions ensuing therefrom, plaintiff argues that such a sanction would only make the plaintiff whole and does not sufficiently sanction defendants for their disobedience of the court's orders and instructions. This court agrees that awarding the costs and fees is no windfall to plaintiff; however, it is a substantial amount of money and represents a good portion of the money at issue in this case. The court finds that someone - - even a person with significant assets - - may think twice after paying $25,207.99 for failure to do something that would have otherwise cost them nothing, other than their own fees and costs.[2]

---

[2] The court finds such fees and costs to be reasonable. The court has not completed the Lodestar calculations inasmuch as defendants concurred that the rates, hours, and expenses proffered by plaintiffs were uncontestable.

Second, the court finds under its inherent authority to enforce its own orders that not only did defendants failure to attend violate Rule 37(d), it amounted to a violation of a court Order that directed them to complete their depositions by a date certain. The court cannot find that such conduct amounted to a civil contempt, inasmuch as it would appear that defendants where acting under a magnified misapprehension which impaired their judgment at or near the time of the deposition. While such state of mind does not excuse their conduct, it does give this court question as to whether defendants acted with sufficient scienter to justify certifying a civil contempt to the district court. Instead, the court finds, in accordance with its inherent authority to enforce its own Orders and the Local Civil Rules of this court, such conduct to be analogous to a failure to comply with the requirements of the Local Civil Rules concerning commencement of discovery, for which the undersigned has traditionally imposed a daily monetary penalty commensurate with the violation. In this case, the court determines after much consideration and contemplation that a daily penalty of $100.00 should be imposed against defendants for each day between the day they failed to appear for the deposition - -June 13, 2008- - and the day of the hearing, for a total of $2,800.00.

Third, the court will hold in abeyance its recommendation as to the striking striking of the Answer and entry of an adverse judgment against these defendants. As discussed above, the court will grant the full amount of plaintiff's fees and costs as the appropriate sanction under Rule 37(d) for defendants' failure to attend their own deposition, and such will be payable immediately. Second, the court finds defendants

disobedience to the court's Order of April 25, 2008, to be sanctionable conduct not amounting to a civil contempt, in that defendants failed to comply with a direct Order that the "previously served discovery requests as well as previously noticed depositions are to be completed by July 1, 2008." (#18, at 2.) The court finds that payment of the plaintiffs' costs and fees of $25,207.99 plus a penalty of $2,800.00 will reinforce the necessity of complying with <u>all</u> court orders, discourage these defendants from disobeying court orders in the future, and deter others who may well be tempted to disobey court orders. Further, the court's holding in abeyance the ultimate sanction will quickly provide plaintiff's with the relief they seek if defendants do not pay the sums ordered or fail to attend or in any way hinder the taking of their depositions.

All sums will be payable by the close of business August 1, 2008.

* * *

While defendants have retained and caused to withdraw some of the best and brightest attorneys, the court has confidence in Mr. Cogburn's representations to the court that his clients will appear and participate in depositions if given another chance. To that end, if defendants fail to pay the ordered costs, fees, or penalties, or fail to attend or in any manner, or frustrate the deposition process, the court will without the necessity of further motions, briefing, or hearing enter an appropriate Memorandum and Recommendation recommending that their answer be stricken and that the total amount of the judgment sought by the plaintiff be entered against them by the district court.

# ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Sanctions (#24) is **GRANTED**, and the following sanctions are entered:

(1) for failure to attend their own depositions, the sanction of costs and fees under Rule 37(d) is **ALLOWED**, and defendants shall pay before the close of business on Friday, August 1, 2008, by certified check, made payable to **JOHN A. McALLISTER, JR., in the care of Smith Moore, LLP,** the sum of **$25,207.99** as costs and fees;

(2) for failure to obey the Order of this court, the penalty of $2,800.00, payable by the close of business on Friday, August 1, 2008, by certified check, made payable to the **Honorable Frank Johns, Clerk of Court for the Western District of North Carolina**;

(3) the court shall **HOLD IN ABEYANCE** for a period of not more than 30 days from entry of this Order its recommendation concerning striking defendants' Answer and entry of judgment against them as discussed above; and

(4) the parties are **ALLOWED** 30 days from the entry of this Order to complete discovery, and plaintiff shall immediately issue its notice(s) of deposition for the taking and completion of defendants' depositions within such time frame and defendants shall attend as commanded.

**IT IS FURTHER ORDERED** that Daniel O. Klinedinst's Motion to Withdraw as Counsel of Record (#27) is **ALLOWED**, and Mr. Klinedinst is **RELIEVED** from further representation of defendants in this matter.

Signed: July 22, 2008

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge