# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07cv64

| | |
|---|---|
| JOHN A. McALLISTER, JR., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| Vs. | )     ORDER<br>) |
| C. ERIC HUNTER, his wife,<br>JOCELYN HUNTER; and<br>PHOENIX COLVARD MOUNTAIN,<br>LLC, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the court on the defendants' oral Motion for Leave to Take the Deposition of Plaintiff. Although discovery has once closed, the court reopened discovery for the purpose of allowing plaintiff to depose defendants; however, such enlargement was occasioned by defendants failure to attend their own deposition. Thus, the issue is whether the court should allow defendants to take the deposition of plaintiff during the enlarged period of discovery. On the one hand, defendants have at all times been represented by very competent counsel, and their failure to take the deposition of a party is beyond understanding. This is clearly to plaintiff's advantage. On the other hand, the error in not taking a party's deposition is so clear that to allow the case to proceed to summary judgment or trial without the plaintiff's testimony could be considered a fundamental miscarriage of justice. Thus, the court will view the request from the public and judicial perspective. While the advantage is certainly plaintiff's at this point, the overriding public interest in the

conduct of its judicial system is that all the evidence be presented so that the court or the jury can reach the truth of the matter. The court knows of no better system of finding the truth than through the discovery process, where witnesses are sworn and examined by skilled counsel. To that end, defendants will be allowed to depose the plaintiff, but that shall be the last discovery taken in this case. To the extent they have not done so already, defendants will not be allowed to tender any written discovery requests (other than requests for admission) to plaintiff either before or after such deposition. Such deposition shall, however, be at a time and location convenient to plaintiff.

Finally, it appears to the court that defendants have stood for their own depositions, paid the civil penalty for not obeying the court order, and the court has assumed that they have paid the ordered costs and fees to plaintiff. With that, the court will deny the request to strike defendants' Answer and enter judgment by default.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) defendants' oral Motion for Leave to Take the Deposition of Plaintiff (oral request made during Rule 30 conference call) is **GRANTED**, defendants may take the deposition of plaintiff at a time and place convenient to plaintiff before the close of the extended discovery period; and

(2) plaintiff's Motions to Strike Answer and for Entry of Default Judgment (contained in #24) are, respectfully, **DENIED**, as lesser sanctions have achieved the desired result.

Signed: August 14, 2008

Dennis L. Howell
United States Magistrate Judge