# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07cv64

| | |
|---|---|
| JOHN A. MCALLISTER, JR. ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JOCELYN HUNTER, ) | |
|     Defendant. ) | |

**THIS MATTER** is before the court on Defendant Jocelyn Hunter's pro se Motion to Stay Judgment Pending Resolution of Appeal (Document #85), filed December 23, 2009.

After a jury trial, judgment was entered against Hunter in the amount of $178,875.00 on November 25, 2009. Plaintiff John McAllister, the prevailing party (hereinafter "prevailing party"), was also awarded pre- and post judgment interest on this amount as well as his taxable costs. On December 23, 2009, Hunter (hereinafter "applicant") filed her Notice of Appeal and applied for a stay of the judgment until such time as her appeal was resolved. It is this application which is now before the court.

FED. R. CIV. P. 62(d) provides that an appellant "may obtain a stay [of the judgment] by supersedeas bond" during the pendency of an appeal, except when the appeal is taken from certain types of cases or from particular categories of orders not relevant here. If a supersedeas bond is posted, the party seeking the stay is entitled to the stay as a matter of right. S.E. Booksellers' Ass'n v. McMaster, 233 F.R.D. 456, 457 (D.S.C. 2006) (citing cases).

In this case, the applicant has not posted a supersedeas bond or offered any alternative form of security. When an applicant for a stay of judgment does not provide a supersedeas bond, whether

1

to grant a stay is within the discretion of the court. Id. at 458-59. In exercising this discretion, the court should consider the "traditional stay factors" while recognizing that these factors "contemplate individualized judgments," and thus, "the formula cannot be reduced to a set of rigid rules." Hilton v. Braunskill, 481 U.S. 770, 777 (1987). Bearing this in mind, the traditional stay factors are as follows:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. at 776; see also Richardson v. North Carolina, 2008 WL 2397309 (E.D.N.C. 2008) (applying Hilton factors to issuance of stay under FED. R. CIV. P. 62); Kirby v. Gen. Elec. Co., 210 F.R.D. 180, 195 (W.D.N.C. 2000) (doing the same). With respect to these factors, the applicant bears the burden of persuasion. Long v. Robinson, 432 F.2d 977, 979 (4th Cir.1970).

Applying these criteria to the present case, the court first finds that the applicant is unlikely to prevail on appeal. Second, as the judgment in this case was monetary and does not require the transfer of any particular personal or real property, the court does not believe that refusal to issue the stay is likely to cause irreparable injury to the applicant. However, the court is aware that there is always the possibility that the prevailing party could dissipate or hide the judgment proceeds before a final ruling on appeal is issued, thus preventing return of the judgment money should the applicant prevail on appeal. Third, and for analogous reasons, issuance of the stay is also unlikely to injure substantially the prevailing party in this case. Although there is the similar danger that the judgment debtor will become judgment proof or fraudulently put her assets out of reach before the appeal is finalized, the risk of this occurring in the present case appears no greater than the danger to the

applicant in the converse situation. Turning to the final factor, the court does not find that the public interest indicates strongly in either party's favor. On the one hand, there is a public interest in speedy resolution of cases. On the other hand, there is the public interest in honoring the appeals process and in ensuring just results for all parties.

After considering all of these factors, the court will decline to issue a stay of its judgment pending appeal. The applicant has not shown a likelihood of prevailing on appeal, and the other factors do not favor the applicant either, being at best evenly divided. The prevailing party already having won a jury verdict in his favor and being more likely to prevail on appeal, the court finds that it would be more just to have the applicant bear the slight risk of the judgment money being lost to recovery during the period of the appeal. As further support for this decision, the court notes that the applicant has not explained why a supersedeas bond should not be required and has not proposed an alternative that would leave the prevailing party "as well off during the appeal as it would be if it could execute at once." Alexander v. Chesapeake, Potomac and Tidewater Books, Inc., 190 F.R.D. 190, 193 (E.D. Va. 1999) (quoting Olympia Equip. Leasing Co. v. Western Union Tel. Co., 786 F.2d 794, 800 (7th Cir. 1986) (Easterbrook, J., concurring)). In addition, none of the circumstances commonly accepted by other courts as warranting a stay without the posting of a full supersedeas bond have been shown by the applicant to exist in this case.[1]

---

[1] The two most widely recognized situations where a full supersedeas bond will not be required before issuance of a stay are "(i) when the judgment debtor can currently easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal, and (ii) when the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden." Alexander, 190 F.R.D. at 193 (internal quotations omitted) (citing Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir.1979)); see also Olympia Equip., 786 F.2d at 796 (citing Poplar Grove and holding the same).

However, the court recognizes that since the applicant has filed the instant motion pro se, she may be unaware of the requirement of a supersedeas bond. Therefore, the court will allow the applicant fourteen (14) days from the date of this order to post a supersedeas bond with the clerk of court. Such bond shall be in the amount of $237,903.75, which is 133% of the value of the judgment against the applicant, in order to ensure that sufficient funds will be available to pay the judgment, pre- and post- judgment interest, and any costs should applicant's appeal ultimately fail to overturn the judgment against her.[2] If this supersedeas bond is posted within fourteen days, then the court will stay the judgment pending appeal. If not, then the instant order denying the stay will remain in full force and effect.

**WHEREFORE**, for the foregoing reasons, applicant's Motion to Stay Judgment Pending Resolution of Appeal is **DENIED** at this time. However, if the applicant posts a supersedeas bond in the amount of $237,903.75 within the next fourteen days, the court will stay implementation of the judgment at that time.

---

[2]The court also realizes that the applicant could be entitled to a stay pursuant to FED. R. CIV. P. 62(f), which states: "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." At present, there is no evidence before the court that the judgment in this case has been registered with the clerk of a state superior court as required to create a lien in accordance with N.C. Gen. St. § 1-237. Even if a lien were created, North Carolina law would also require a bond of a similar amount before granting the stay. N.C. Gen. St. § 1-289 (stating that appeal does not stay execution of a money judgment unless bond for the amount recoverable by the prevailing party if victorious on appeal is provided to the court). Therefore, applicant would be required to produce the same bond regardless of whether the court's analysis proceeded under FED. R. CIV. P. 62(d) or 62(f), and the court's judgment would remain the same in either case.

**SO ORDERED.**

Signed: January 4, 2010

Richard L. Voorhees
United States District Judge